IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSE JAMES RAYBURN                                                                    PLAINTIFF

v.                                          Civil No.  5:24-cv-05163

CITY OF SILOAM SPRINGS;                                                               DEFENDANTS
COLE P. ELLISON, Siloam Springs
Police Department; BENTON COUNTY;
and DEPUTY NICHOLAS PRICE,
Benton County Sheriff's Office

## MEMORANDUM OPINION

This case is before the undersigned pursuant to the consent of the parties.  (ECF No. 27). Plaintiff, Jesse J. Rayburn ("Rayburn"), has failed to comply with the Orders of the Court. Additionally, a Motion to Dismiss pursuant to Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas has been filed.  (ECF No. 30).

### I.  DISCUSSION

Rayburn filed this action pursuant to 42 U.S.C. §1983 on August 1, 2024.  He proceeds *pro se* and *in forma pauperis* ("IFP").  Rayburn was incarcerated in the Benton County Detention Center ("BCDC") when he filed his Complaint.  (ECF No. 1).

The case is before the Court on a Motion to Dismiss (ECF No. 30) filed by Defendant Price in his individual and official capacities.  Defendant Price states that he has been unable to effect service of his correspondence on Rayburn.  Specifically, Defendant Price indicates he mailed a file marked copy of his Notice to Rayburn on February 21, 2025.  (ECF No. 32).  The correspondence was returned on March 3, 2025, marked "Return to Sender—Not Deliverable as Addressed—Unable to Forward."  *Id.*

1

When he filed this case, Rayburn was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Rayburn was transferred or released, he was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. *Id.* Rayburn was informed that "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." *Id.*

Because the Court had received no returned mail at the time the Motion to Dismiss was filed, an Order was entered on March 10, 2025, directing Rayburn to respond to the Motion by March 31, 2025. (ECF No. 33). This Order was returned as undeliverable on March 20, 2010. (ECF No. 34). Defendant Ellison then moved to extend the deadlines established in the Initial Scheduling Order. (ECF No. 35). An Order was entered on April 2, 2025, extending the discovery and summary judgment filing deadlines. (ECF No. 36). The copy of this Order sent to Rayburn at the BCDC was also returned as undeliverable. (ECF No. 37).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the

2

court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To date, Plaintiff has not provided a new address or contacted the Court in anyway.  In fact, the last document filed by Rayburn in this case was his Motion for Default Judgment filed on December 26, 2024.  (ECF No. 17).  At that time, Rayburn was still incarcerated in the BCDC.  The Court has verified by checking the BCDC jail roster that Rayburn is no longer incarcerated there.[1]  The Court has not had a correct address for the Plaintiff since at least March 3, 2025.

## II.  CONCLUSION

For these reasons, Defendant Price's Motion to Dismiss (ECF No. 30) will be granted.  A separate judgment will be entered this same date.

DATED this 15th day of April 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] https://benton-so-ar.zuercherportal.com/#/inmates (last visited April 14, 2025).